# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:12cr07

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>HARLAND LAVERN SQUIRREL. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion *in Limine*: Expert Testimony re Polygraph Examination [Doc. 41]. The Defendant has responded [Doc. 44].

The Defendant is charged in a seven count Superseding Bill of Indictment with aggravated sexual abuse of a minor who had not attained the age of twelve years, aggravated sexual abuse of a minor who had not attained the age of sixteen years, and five separate counts of abusive sexual contact with a minor who had not attained the age of twelve years, in violation of 18 U.S.C. §§1153, 2241(c) & 2244(a)(5). By Order entered on October 18, 2012, the Court deferred ruling on this motion until the time of trial. [Doc. 53]. The trial of this matter is scheduled to begin on December 3, 2012 and the Court will address this motion in order to promote judicial economy at trial.

On July 2, 2012, defense counsel moved to suppress a confession given by the Defendant after he had voluntarily taken a polygraph examination. [Doc. 20]. According to the motion, the Defendant's confession was false and was given only to cause his interrogation by the polygraph examiner to stop. [Id.]. Counsel argued that at the time of the polygraph examination, the Defendant was in custody, he was not provided with Miranda[1] warnings, and his confession was not voluntary because he had been bullied by the polygraph examiner until his "will was overborne." [Id. at 3-5].

On August 13, 2012, a hearing on the motion to suppress was conducted by Magistrate Judge Dennis L. Howell. The Government called as a witness the polygraph examiner, Special Agent Christopher J. Smith of the North Carolina State Bureau of Investigation (SBI). [Doc. 51 at 8-12]. In response to Agent Smith's testimony, the Defendant called as a witness Terrance O'Malley (O'Malley), whom the parties stipulated for the purposes of that hearing would testify as an expert in the field of administration of polygraph examinations. [Id. at 18]. O'Malley testified that if a polygraph examiner tells the testee before the examination that he or she is lying, the

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

testee is unable to pass the test. [Id., at 19]. He also testified that if the examiner had been verbally abusive, such as by calling the testee a liar and a child molester, such conduct would have been unprofessional. [Id.]. O'Malley admitted, however, that he had not witnessed the examination of the Defendant. [Id.].

The Magistrate Judge issued a Memorandum and Recommendation on September 27, 2012 in which he made the following findings and recommendations: (1) the Defendant was not in custody at any point during or after the polygraph examination and (2) the Defendant's statements were voluntarily provided at all times before, during and after the polygraph examination. [Id.]. The Magistrate Judge took note as well that the Defendant was interviewed by Detective Lloyd Wolfe of the Cherokee Police Department after the polygraph examination. [Id.]. Detective Wolfe testified during the hearing that the Defendant admitted to him that he committed the sexual abuse at issue during that interview. [Id. at 7]. In fact, the Defendant signed notes made by the Detective in which the Defendant's statements were recorded. [Id.]. At no time has the Defendant claimed that his statements to Detective Wolfe were anything other than voluntary. [Id. at 28-29]. The Magistrate Judge recommended that the motion to suppress be denied. [Id.

at 31].

The Defendant did not file any objections to the Magistrate Judge's recommendation that the motion to suppress be denied and on October 18, 2012, this Court denied the motion. [Doc. 53]. Of particular note to the pending motion is the warning provided to the Defendant in the Memorandum and Recommendation:

> [W]ritten objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. ... Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.

[Doc. 51 at 31] (emphasis in original). Despite this explicit warning, the Defendant did not file objections. He nonetheless attempts to circumvent that failure by raising the same issues addressed in the Memorandum and Recommendation in response to the Government's motion *in limine*.

Indeed, in that response, defense counsel states that he intends to call SBI Special Agent Smith as a witness at trial concerning "*all* the circumstances surrounding the Defendant's confession" during the polygraph examination, including "the use of 'the machine' to trick Defendant into falsely confessing." [Doc. 44 at 3] (italics in original). The Magistrate Judge, however, found that the Defendant's confession was freely and voluntarily

given at a time when he was not in custody.  The Defendant did not object to that finding and this Court has adopted it and has ruled that the confession was indeed voluntary.  The Defendant may not assail that finding either here or on appeal.  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Carty v. Westport Homes of North Carolina, Inc., 472 F. App'x. 255, 261 (4th Cir. 2012); United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007).

The Defendant's second argument is that he is entitled to introduce expert testimony concerning the polygraph examination in order to persuade the jury that little weight should be ascribed to his statements.  Defense counsel concedes that he may not introduce the results of the polygraph examination.  Instead, he would use an expert witness, presumably O'Malley, to show that the manner in which the examination was scored by Agent Smith was incorrect. [Doc. 44 at 1].  The expert witness, he argues, would show that a correct scoring would have shown that the examination resulted in an inconclusive finding as to deception. [Id.].  Thus, having been told that he failed the examination, his subsequent confession was not voluntary because he was "tricked." [Id. at 2].  According to the Defendant,

> [t]he Court will pass on the legal question of whether or not Defendant was "in custody."  The Court will also pass on the legal

5

> question of whether or not Defendant's confession violated the Due Process Clause of the 5th Amendment. The factual question of the voluntariness of Defendant's confession is the province of the jury and they are entitled to consider all relevant evidence concerning the giving of it to SA Smith. ... That includes the use of "***the machine***" to trick Defendant into falsely confessing.

[Id. at 2-3] (emphasis in original). The flaw in Defendant's logic is apparent from his conceding that he cannot present the results of the polygraph while at the same time seeking to present the "corrected scoring" of those results. [Id. at 1].

In this Circuit, there is a *per se* rule prohibiting the introduction of evidence of polygraph examinations to bolster or impeach the credibility of a defendant or witness. United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir.), cert. denied 540 U.S. 1090, 124 S.Ct. 957, 157 L.Ed.2d 796 (2003) ("We affirm the district court's exclusion - pursuant to our *per se* rule, and with no Daubert[2] inquiry into the reliability of the proffered expert testimony - of the results of [the defendant's] polygraph test."). The admission of testimony by O'Malley would of necessity impeach the testimony of Detective Wolfe and/or Agent Smith.[3] In the same manner, if the Defendant elects to testify,

---

[2] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

[3] The Government has stated that it has no intention of calling Agent Smith since the Defendant made incriminating statements to Detective Wolfe.

O'Malley's testimony would bolster the Defendant's position that his statements were not knowingly and voluntarily made. "It is well-established in this Circuit that polygraph examination results, *or even the reference to the fact that a witness has taken a polygraph examination*, are not admissible." United States v. Nelson, 207 F. App'x. 291, 293 (4th Cir.), cert. denied 552 U.S. 830, 128 S.Ct. 50, 169 L.Ed.2d 44 (2007) (citing Prince-Oyibo, 320 F.3d at 501) (emphasis added). "This is so whether the government or the defendant is seeking to introduce the evidence." United States v. Sanchez, 118 F.3d 192, 197 (4th Cir. 1997) (citing United States v. A & S Council Oil Co., 947 F.2d 1128, 1134 (4th Cir. 1991)). This rule applies even when the polygraph evidence is exculpatory. Id.; United States v. Mitchell, 429 F. App'x. 271, 275 (4th Cir. 2011) (refusing to admit evidence that defendant had passed polygraph test). Expert testimony concerning the methodology and accuracy of scoring polygraph examinations of necessity would reveal the fact that the Defendant here took a polygraph examination. As such, it is clearly inadmissible.

It should also be noted that the introduction of an expert's testimony as to the methodology and accuracy of the polygraph examination administered by Agent Smith would be completely unreliable in view of the fact that the

examination was not observed by such expert. Id.; United States v. Chin, 181 F.3d 92 (4th Cir.), cert. denied 528 U.S. 919, 120 S.Ct. 278, 145 L.Ed.2d 233 (1999).

For the reasons stated herein, the Government's motion will be granted.

**IT IS, THEREFORE, ORDERED** that the Government's Motion *in Limine*: Expert Testimony re Polygraph Examination [Doc. 41] is hereby **GRANTED** and the Defendant may not present expert testimony on the issue of the Defendant's polygraph examination or polygraph examinations in general.

Signed: November 30, 2012

Martin Reidinger
United States District Judge